UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EWANG THEOPHILE EPIE-ALOBWEDE,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD J. AUSTIN, III, Secretary of Defense, *et al.*,<br><br>Defendants. | Civil Action No. 21-2466 (RJL) |

## **DEFENDANTS' ANSWER**

Defendants, Llyod J. Austin, III, Secretary of Defense, Christine Wormuth, Secretary of the Army, and the Physical Disability Board of Review (collectively, "Defendants"), by and through counsel, hereby answer the Complaint (ECF No. 1) filed by Plaintiff Ewang Theophile Epie-Alobwede. This case arises under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, for judicial review of the agency's final action regarding Plaintiff's request to change his disability retirement rating. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff administratively waived any allegations or claims not presented to the agency in his administrative claims.

2. Judicial review in this case is limited to evidence in the administrative record. Any evidence, claims, or allegations that are not reflected in the administrative record are outside the jurisdiction and permissible review of the Court.

3. Defendant reserves the right to raise any affirmative defense including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c) that may be supported by the record in this civil action.

Defendant responds to the numbered paragraphs in the Complaint as follows:

### INTRODUCTION[1]

1. This paragraph is a characterization of Plaintiff's lawsuit to which no response is required. To the extent a response is required Defendant denies the allegations in this paragraph.

2. In sentence one, Defendants admit that the Dignified Treatment of Wounded Warriors Act was passed in 2007 and then enacted in 2008. The remaining allegations in sentence one and the allegations in sentences two, three, and four, do not set forth a claim for relief or aver facts in support of a claim under the APA to which an answer is required.

3. Admitted.

4. Defendants admit that Plaintiff entered service on August 23, 2001 and was discharged, with an honorable characterization of discharge, on June 3, 2005. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and upon that basis deny the remaining allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences one and two of this paragraph and upon that basis deny those allegations. In sentences three and four, Defendants admit that Plaintiff received a 10% total disability rating, consisting of 10% for bilateral leg pain and 0% for pain in his clavicles. The remaining allegations in sentences three and four set forth legal characterizations and conclusions

---

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent these headings could be construed to contain certain factual allegations, those allegations are denied.

of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied. In sentences five and six, Defendants admit that Plaintiff was medically separated on June 3, 2005, and then was examined by the Department of Veterans Affairs ("VA") on June 16, 2005. The remaining allegations in sentences five and six are a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

6. Sentence one is a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied. In sentence two, Defendants admit that the VA made a rating decision on January 30, 2006, which provided a 10% rating for each leg and a 10% rating for each clavicle. The remaining allegations in sentence two and all the allegations in sentence three set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

7. Defendants admit that Plaintiff applied to the PDBR for review in February of 2017. The remaining allegations in this paragraph set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

8. Admitted.

9. Paragraph 9 contains Plaintiff's requested relief to which no response is required. To the extent a response may be deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE

10. The allegations in this paragraph set forth legal characterizations and conclusions regarding jurisdiction to which no response is required. To the extent a response is necessary, denied.

11. The allegations in this paragraph set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

12. Admitted.

13. Admitted.

14. The allegations in this paragraph set forth legal characterizations and conclusions regarding jurisdiction to which no response is required. To the extent a response is necessary, denied.

15. Admitted.

## PARTIES

16. Defendants admit that Theo Epie-Alobwede is the Plaintiff in this lawsuit. Defendants lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and upon that basis deny the remaining allegations in this paragraph.

17. Defendants admit that Defendant Lloyd J. Austin, III, is the Secretary of Defense and his office is located in the Pentagon in the Eastern District of Virginia. The remaining allegations in this paragraph are denied.

18. Admitted.

19. Defendants admit that Defendant Christine Wormuth is the Secretary of the Army and her office is located in the Pentagon in the Eastern District of Virginia. The remaining allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

### Epie-Alobwede's Military Service

20. Admitted.

21. In sentences one and two, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to when Plaintiff's pain began or how long it continued and upon that basis deny those allegations and respectfully refer the Court to Plaintiff's medical records for the remaining allegations and deny any allegations inconsistent therewith. The allegations in sentences three and four do not set forth a claim for relief or aver facts in support of a claim under the APA to which an answer is required.

22. Paragraph 22 is admitted except Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether Plaintiff "was a passenger in a motor vehicle driven by a fellow soldier" and upon that basis deny those allegations.

23. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate description of its contents and deny any allegation inconsistent therewith.

24. Defendants aver that Plaintiff's Department of Defense Form 214 lists service in Iraq from June 27, 2003, to March 4, 2004. The remaining allegations in sentence one are denied. The allegations in sentence two do not set forth a claim for relief or aver facts in support of a claim under the APA to which an answer is required.

25. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate description of their contents and deny any allegation inconsistent therewith.

26. Defendants admit that Plaintiff was placed on profile during his career. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate description of their contents and deny any allegation inconsistent therewith.

### The Army Physical Disability Evaluation System ("DES")

27-30. The allegations contained in these paragraphs set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, Defendants aver that Army Regulation 635-40 governs the implementation of the disability evaluation system in the Army. Defendants respectfully refer the Court to the regulation for a complete and accurate description of its contents and deny any allegation inconsistent therewith.

### Epie-Alobwede's Medical Conditions

31-32. Defendants admit that Plaintiff was placed on profile during his career. Defendants respectfully refer the Court to Plaintiff's medical records for a complete and accurate description of their contents and deny any allegation inconsistent therewith.

33-34. Defendants respectfully refer the Court to Plaintiff's Narrative Summary for a complete and accurate description of its contents and deny any allegation inconsistent therewith.

35. Defendants admit that the Narrative Summary lists flexion and abduction at 170 degrees in both shoulders. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to normal range of motion and upon that basis deny those allegations. The remaining allegations in this paragraph set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, Defendants respectfully refer the Court to Plaintiff's

medical records for a complete and accurate description of their contents and deny any allegation inconsistent therewith.

36. Admitted.

### The Physical Evaluation Board's Decision

37. Defendants respectfully refer the Court to the Physical Evaluation Board's ("PEB") Decision for a complete and accurate description of its contents and deny any allegation inconsistent therewith.

38. Admitted.

### Epie-Alobwede's VA Rating Decision

39. Defendants admit that Plaintiff was examined by the VA on June 16, 2005. Defendants respectfully refer the Court to the VA Examination Report for a complete and accurate description of its contents and deny any allegation inconsistent therewith.

40. Sentence one is admitted. Defendants respectfully refer the Court to the VA Examination Report and the PEB decision for a complete and accurate description of their contents and deny any allegation inconsistent therewith.

### Physical Disability Board of Review's Arbitrary and Capricious Decision

41. Defendants admit that Plaintiff applied to the PDBR. The remaining allegations in this paragraph are denied.

42. Admitted.

43. In sentence one, Defendants admit that the PDBR assigned a 0% rating for Plaintiff's clavicle and respectfully refer the Court to the PDBR's Decision for a complete and accurate description of its contents and deny any allegation inconsistent therewith. The remaining allegations in this paragraph set forth legal characterizations and conclusions of law or are

otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

44. In sentence two, Defendants admit that the PDBR assigned a 10% rating for Plaintiff's leg pain and respectfully refer the Court to the PDBR's Decision for a complete and accurate description of its contents and deny any allegation inconsistent therewith. The remaining allegations in this paragraph set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

45. The allegations contained in this paragraph set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

46. Defendants respectfully refer the Court to the PDBR's Decision for a complete and accurate description of its contents and deny any allegation inconsistent therewith. The remaining allegations in this paragraph set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

**COUNT I – VIOLATION OF ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706(2)(A))**

47. The answers in the previous paragraphs are incorporated herein by reference.

48-54. The allegations contained in these paragraphs set forth legal characterizations and conclusions of law or are otherwise a characterization of Plaintiff's lawsuit to which no answer is required. To the extent a response is required, denied.

The "PRAYER FOR RELIEF" paragraph and subparagraphs a through f contains Plaintiff's requested relief to which no response is required. To the extent a response may be

deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant denies each and every allegation in the complaint that has not been previously qualified or admitted above. Wherefore, Defendant having fully answered, requests that Plaintiff's Complaint be dismissed with prejudice, that costs be assessed against the Plaintiff, and that Defendant be awarded any other relief deemed just and proper.

Dated: December 1, 2021
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division


By:     /s/ *Jessica B. Colsia*
JESSICA B. COLSIA, GA BAR # 543222
Special Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2574
jessica.colsia@usdoj.gov

*Attorneys for the United States of America*